Kyle, J.
Tbe only question presented by the demurrer to the petition and considered by the court, is the question as to whether or not the plaintiff under the allegations of his petition may maintain an action of replevin against the defendant, for the reason-that the defendant is the duly appointed administratrix of Frantz Kraft, and took possession of the property that is sought to be recovered in this action as said administratrix.
It is claimed by plaintiff, that the defendant’s right could not be greater than her decedent’s, and that if the plaintiff could maintain an action of replevin against the mortgagor in his lifetime, the same right would exist as against his personal representative.
The answer to that might be that the defendant in her fiduciary capacity, as such, is not the claimant of the property, but holds it only for certain purposes, and these are fixed and definite, under the administration act.
It has befen held, in ease of assignment by a mortgagor of personal property, that the mortgagee can not maintain an action against the assignee for converting the property to his *654 own use. In such cases, his interest in the property under mortgage, where the assignee is clothed with authority to sell the goods, is preserved tjo the fund arising from the sale by the assignee. And it will ¡make no difference that the condition in the mortgage was broken at the time of the assignment. Lindeman v. Ingman, 36 O. S., 1.
Since an administrator is an officer of the probate court making the appointment, such court acquires jurisdiction of all the property coming into the hands of such administrator for the purpose of the administration of the estate.
The administrator, by virtue of his appointment, becomes a trustee for the benefit of the creditors of the estate.
In Kilbourne v. Fay, 29 O. S., 279, the court says:
“I shall not stop to cite cases wherein the executor or administrator has been held to a trustee for the benefit of the creditors of the estate. The provisions of the 83d section of the administration act, above quoted, clearly establishes that relation. The ordinary course of administration is the means and processes provided by law whereby creditors of the deceased debtor received payment.”
The plaintiff comes in here, not claiming a lien, but claims to be the owner of the property sought to be replevined. That the mortgagor or his personal representatives have no interest in the property after condition broken is not the 'law in this state.
In Lindeman v. Ingman, 36 O. S., 13, the court says:
“It is said,. however, that the mortgagee, after condition broken, has no lien upon the property as he is the owner and hence that the statutory provision, to which reference has been made, does not apply. That the mortgagee is the owner in the sense that there is no interest in the mortgagor remaining after condition broken, which the mortgagor, his creditor or assignee can assert, is a proposition which finds little support elsewhere, and, as we have seen, none in Ohio.”
■ Under the administration act, Section 6090, every administrator shall proceed with diligence to pay the debts of the deceased and shall apply the assets to the payment of debts in a *655 fixed order. And Section 6091 provides that nothing in the preceding section shall affect or impair any lien, legal or equitable, which any creditor or other person shall have upon the personal estate of the deceased during his lifetime.
In the administration of estates, the law preserves the rights of all lien holders upon personal property passing into the hands of the administrator. Thé ordinary course of administration is the means and processes provided by law whereby creditors, including those having preferred claims upon the personal prop-' erty of deceased debtors, receive payment.
•Upon the death of the decedent and the appointment of the administratrix, the means were set in motion to administer the estate and pay the debts of the defendant’s decedent, which included the mortgage claim of the plaintiff.
By the appointment of the administrator the probate court acquired jurisdiction of the mortgaged property claimed in the petition through the possession of such administrator and acquired the right to proceed according to the provisions of the administration act to convert the same into money and pay the debts of the decedent, preserving to the plaintiff all his rights under his mortgage.
The defendant, by virtue of her appointment and possession of the mortgaged property, became the trustee for. all the creditors of the’ estate, and if she was trustee for the benefit of all the creditors of Frantz Kraft, she was also the trustee for the plaintiff in this action; and if the defendant administratrix is the trustee for plaintiff in this action, then the plaintiff is seeking to sue his own trustee.
The rights of creditors can be asserted through the administrator as fully and effectively, but not always as speedily, as by judgment and execution against the property (29 O. S., 279; 58 O. S., 460).
Since the rights of the plaintiff to the mortgaged property are preserved under the administration act in the hands of the administrator, and since such administrator, by virtue of his appointment, becomes the trustee for all the creditors of the estate, including this plaintiff, even though condition broken, *656 after the administrator has taken possession of mortgaged property in due course of administration, mortgagees can not maintain an action to replevin such property from such administrator and can only assert their claim and lien against the money arising from the proceeds of such property in the hands of such administrator.
Warren Gard, for plaintiff.
Aaron Wesco and Alexander Hume, for defendant.
The doctrine has never been carried so far in the decided cases as to determine that a mortgagee of chattels under a mortgage in due form and condition broken, its validity not being questioned, is limited, and can only claim his rights under his mortgage through the administrator, yet the principles laid down in the decided cases, if carried out in their logical conclusion, would result in that being held to be the law.
Taking that view of the case, the demurrer to the petition will be sustained.